UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laura Marie Scott,                               Case No.: 16-56880
                                                     Chapter 7
       Debtor.                                  Hon. Mark A. Randon
_____/

Laura Marie Scott,

       Plaintiff,

v.                                                           Adversary Proceeding
                                                         Case No.: 17-04411

City of Hamtramck Treasurer, et. al,

       Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 18 AND 20)

**I. INTRODUCTION**

Plaintiff has unpaid water bills and property taxes dating back to 2013. As a result of the delinquent taxes, which include the unpaid water bills, Plaintiff's home was forfeited to the Wayne County Treasurer, later foreclosed (passing title to the Treasurer), and is scheduled to be sold at a public auction in September or October 2017. Plaintiff filed this adversary proceeding as a last-ditch effort to unwind the forfeiture/foreclosure and save her home from auction.

Wayne County and the State of Michigan's motions to dismiss are pending.[1] The Court heard argument on August 7, 2017. Plaintiff, essentially, makes two arguments: (1) her water bills were either fraudulent or erroneous which–when added to the tax bill–made the property tax delinquency artificially high; and (2) the State of Michigan unlawfully denied her several years of homestead property tax credits, which she could have used to pay her delinquent tax bills.[2]

Because: (1) the Wayne County Treasurer is simply a tax collection agency–not the entity that makes the tax assessment or bills residents for water consumption; and (2) the Court lacks subject-matter jurisdiction over the State of Michigan, both motions are **GRANTED**.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable

---

[1] Plaintiff also named Bill Schuette as a defendant, but stated in her response to the State of Michigan's motion that he is not being sued in his personal capacity. As such, Bill Schuette is **DISMISSED** from this adversary proceeding.

[2] Plaintiff also argues that the delinquent bills should have been discharged in her Chapter 7 bankruptcy, based on a city ordinance that makes it a personal debt. Because the City of Hamtramck Treasurer remains a defendant in this adversary proceeding, the Court will address this argument at a later date.

inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

#### A. *Wayne County's Motion to Dismiss*

As an initial matter, Wayne County argues that it is not a proper defendant: the Wayne County Treasurer should have, instead, been named as a defendant. To the extent Plaintiff named Wayne County as a defendant, it is **DISMISSED** from this adversary proceeding. However, the Court finds the Wayne County Treasurer was adequately represented by counsel who appeared on behalf of Wayne County. *See* Letter from Kilpatrick and Associates, P.C., attached as Exhibit 8 to Plaintiff's Response (Dkt. #21) ("Kindly be advised that our firm represents *the Wayne County Treasurer* in the above captioned matter") (emphasis added). Even if the Wayne County Treasurer was not named as a defendant, which Plaintiff disputes, the Court may grant Plaintiff leave to amend her complaint.

Nevertheless, Plaintiff fails to state a plausible claim against the Wayne County Treasurer; therefore, any amendment would be futile. The Wayne County Treasurer is simply a tax collection agency for the City of Hamtramck pursuant to MICH. COMP. LAWS § 211.78a. Indeed, Plaintiff admits in her complaint that "[t]he county appears to be a third-party debt collector for the city[.]"

Plaintiff should have brought any disputes about her water bills and property taxes to the City of Hamtramck. According to Section 13-01 of the City of Hamtramck Code of Ordinances, "*The City* levies, collects, and returns state, county, and school taxes as provided by ordinance in accordance with law."[3] (Emphasis added). Section 13-06 allows Plaintiff to challenge her tax assessment with the board of review: "[the board of review] shall hear the complaints of all persons considering themselves aggrieved by assessments[.]"[4] If she did not agree with the board of review's decision, she could have appealed to the Michigan Tax Tribunal.[5] The Tribunal's decision could then be appealed to the Michigan Court of Appeals.[6] Plaintiff failed to challenge her delinquent bills at the

---

[3] AMERICAN LEGAL PUBLISHING CORPORATION CHAPTER 13 - TAXATION AND FINANCE, http://library.amlegal.com/nxt/gateway.dll/Michigan/hamtramck_mi/cityofhamtramckmichiganc odeofordinances?f=templates$fn=default.htm$3.0$vid=amlegal:hamtramck_mi (last visited August 10, 2017).

[4] *Id.*

[5] LARA TAX TRIBUNAL DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS, http://www.michigan.gov/taxtrib (last visited August 11, 2017).

[6] LARA TAX TRIBUNAL DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS, http://www.michigan.gov/taxtrib/0,4677,7-187-67491-131719--,00.html (last visited August 11, 2017).

-4-

local level. And, 11 U.S.C. § 505(a)(2)(C) prohibits the Court from determining the amount or legality of any ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired. Once tax bills are transferred, the Wayne County Treasurer's authority is limited to collection. *See* Section 13-14 of the City of Hamtramck Code of Ordinances:

> If the treasurer has been unable to collect any of the city taxes . . . on real property before the first day of March following the date when the roll was received by him, it shall be his duty to return all such unpaid taxes on real property to the county treasurer[.]

*See also* MICH. COMP. LAWS § 211.78a(1) ("[A]ll property returned for delinquent taxes, and upon which taxes, interest, penalties, and fees remain unpaid after the property is returned as delinquent to the county treasurers of this state under this act, is subject to forfeiture, foreclosure, and sale for the enforcement and collection of the delinquent taxes[.]").

### B. *State of Michigan's Motion to Dismiss*

The Court first determines whether it has subject-matter jurisdiction over the State of Michigan.

Upon referral from the district court, a bankruptcy court has subject-matter jurisdiction over all cases "under title 11," and all civil proceedings "arising under," "arising in," or "related to" a case under title 11. 28 U.S.C. § 1334(a), (b). Actions "arising under" title 11 involve claims created or determined by a statutory provision of

title 11. *Bliss Technologies, Inc. v. HMI Industries, Inc. (In re Bliss Technologies, Inc.)*, 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004). "Arising in" proceedings are those that could arise only in bankruptcy cases. *Id.* An action is "related to" a case under title 11 if its outcome could "*conceivably* have *any* effect" on the bankruptcy estate. *Michigan Emp't Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1142 (6th Cir. 1991) (emphasis in original).

The Court lacks subject-matter jurisdiction over the State of Michigan: the State indicated that Plaintiff is not indebted to it; therefore, it does not have a claim against Plaintiff. As such, Plaintiff's complaint against the State of Michigan is not even "related to" the bankruptcy estate.

Second, the State of Michigan denied Plaintiff's homestead property tax credits because Plaintiff failed to provide all documentation requested. In fact, Plaintiff testified at the hearing that she did not provide a copy of her identification, as requested. The Court, therefore, cannot find that the denial was unlawful.[7]

## IV.  CONCLUSION

Because: (1) the Wayne County Treasurer is simply a tax collection agency–not the entity that makes the tax assessment or bills residents for water consumption; and (2) the Court lacks subject-matter jurisdiction over the State of Michigan, both motions are

---

[7] Alternatively, the Court finds Plaintiff's complaint fails to present any plausible claims as to the State or the Attorney General.

**GRANTED**.  The only remaining defendant in this adversary proceeding is the City of Hamtramck Treasurer.

    **IT IS ORDERED**.

**Signed on August 14, 2017**



    /s/ Mark A. Randon
    **Mark A. Randon**
    **United States Bankruptcy Judge**